UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.:

KELVIN WASHINGTON,

    Plaintiff,

v.

METROPOLITAN LIFE
INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Kelvin Washington, files his Complaint against Defendant, Metropolitan Life Insurance Company, and says:

### I. JURISDICTION AND VENUE

1.    Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2.    Plaintiff, Kelvin Washington ("Mr. Washington"), is a resident of Duval County, Florida, and was at all times relevant a participant of the long-term disability insurance policy at issue (the "LTD Policy"). Defendant, Metropolitan

Life Insurance Company ("Defendant"), is the insurer and claims administrator of the LTD Policy, is a foreign corporation authorized to do business in Florida, and can be found in the Middle District of Florida.

### III.   FACTS

3. At all times material to this action there was in full force and effect a group LTD Policy that was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of the Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5. Mr. Washington was employed with DriveTime Automotive Group, Inc. ("DriveTime") as a Senior Sales Advisor. By virtue of his employment at DriveTime, Mr. Washington was an eligible participant of the LTD Policy at all times material to this action.

6. The purpose of the LTD Policy was to provide Mr. Washington a monthly benefit in the event that he became disabled.

7. The LTD Policy defines Disability, in pertinent part, as follows:

*Disability or Disabled means that due to Sickness or as a direct result of accidental injury:*

*You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and*
*You are unable to earn:*

*For Long Term Benefits,*

*During the Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and*

*After such period, more than 80% of your Predisability Earnings from any employer in Your Local Economy at any gainful occupation or which You are reasonably qualified taking into account Your training, education and experience.*

8. Mr. Washington suffers, and continues to suffer, from fibromyalgia, atrial fabulation, chest pain, and foot pain.

9. Mr. Washington is unable to earn 80% of his predisability earnings at any occupation due to his medical conditions. He is disabled under the terms of the LTD Policy.

10. Mr. Washington was forced to discontinue working on or about April 21, 2019, due to his disabling conditions.

11. Mr. Washington submitted his LTD claim pursuant to the terms of the LTD Policy.

12. Defendant acknowledged Mr. Washington's total disability under the LTD policy, accepting liability by approving and paying LTD benefits effective July 23, 2019.

13. By letter dated November 18, 2022, Defendant terminated Mr. Washington's LTD benefits alleging that he is no longer Disabled.

3

14. By letter dated February 10, 2023, Mr. Washington timely appealed Defendant's decision to terminate his LTD benefits.

15. By letter dated March 8, 2023, Defendant denied Mr. Washington's appeal.

16. Mr. Washington exhausted his appeals under ERISA.

17. In terminating Mr. Washington's LTD benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

18. The termination of Mr. Washington's LTD benefits was a breach of the terms of the LTD Policy, and the decision was wrong and arbitrary and capricious.

19. Defendant's termination of Mr. Washington's disability benefits breached the fiduciary duties owed to Mr. Washington under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Mr. Washington as a participant of LTD Policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein and says further that:

20. Plaintiff is entitled to certain benefits of the policy consisting of past LTD benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

21. Plaintiff is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the LTD policy;

    b. Plaintiff has satisfied all conditions to be eligible to receive the LTD benefits;

    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

22. Defendant has refused to pay the benefits sought by Mr. Field, ignoring the medical records and clear opinions of his physicians.

## V. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 22 as if fully stated herein and says further that:

23. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid LTD benefits, plus interest.

24. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under 29 U.S.C. §1132(g)(1) Plaintiff is entitled to reasonable attorney's fees and costs of this action.

25. Defendant is also liable to place Plaintiff in the position he would have enjoyed under the policy had he not been wrongfully denied benefits by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Christopher Field, prays for a judgment against Defendant, Metropolitan Life Insurance Company, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 10th of July, 2023.*

/s/ *Geannina A. Burgos*
Geannina A. Burgos (FBN. 113242)
nina@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Attorneys for Plaintiff, Kelvin Washington*